UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOREBANK, an Illinois banking
corporation,

       Plaintiff,

                                                          Case No. 2:09-cv-10646-VAR-MJH

v.

                                                          Hon. Victoria A. Roberts

ST. REGIS DETROIT PARTNERS, L.L.C.,
a Michigan limited liability company, WILCO
ASSOCIATES, L.L.C., a Michigan limited liability
company, HERBERT J. STRATHER, as Trustee of
the Herbert J. Strather Trust, u/a/d March 17, 1986,
as amended and restated, HERBERT J. STRATHER,
individually, and SHIRLEY WILSON-JOHNSON,
individually, jointly and severally,

       Defendants.
_____/

| | |
|---|---|
| Julie Beth Teicher (P34300) | William C. Roush (P23444) |
| David H. Freedman (P40567) | ISHBIA & GAGLEARD, P.C. |
| ERMAN, TEICHER, MILLER, | Attorneys for Defendants |
| ZUCKER & FREEDMAN, P.C. | 251 E. Merrill St., Fl. 2 |
| Attorneys for Plaintiff | Birmingham, MI 48009 |
| 400 Galleria Officentre, Ste. 444 | Phone: 248-647-8590 |
| Southfield, MI 48034 | Fax: 248-647-8596 |
| Phone: 248-827-4100 | wcr@iglaw.com |
| Fax: 248-827-4106 | |
| jteicher@ermanteicher.com | Douglas C. Bernstein (P33833) |
| dfreedman@ermanteicher.com | PLUNKETT COONEY |
| | Attorney for Court Appointed Receiver |
| | 38505 Woodward Avenue, Ste. 2000 |
| | Bloomfield Hills, MI 48304 |
| | Phone: (248) 901-4000 |
| | Fax: (248) 901-4040 |
| | dbernstein@plunkettcooney.com |

**ORDER NAMING AND TRANSITIONING RECEIVERSHIP PROPERTY
TO A SUCCESSOR RECEIVER AND FOR OTHER RELIEF**

1

THIS MATTER has come before the Court on the Stipulation of the parties for entry of an Order Naming and Transitioning Receivership Property to a Successor Receiver and for Other Relief.  The Court finds good cause for entry of this Order and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Resignation of Original Receiver</u>. Effective on the date of entry of this Order, the Original Receiver is deemed to have resigned as the court-appointed receiver over the Receivership Property and shall have no further right, power, authority, possession or control over the Receivership Property.

2. <u>Appointment of Successor Receiver</u>. Effective on, and from and after, the date of entry of this Order (a) Custodial Real Estate, LLC, an Illinois limited liability company, is appointed as the successor receiver over the Receivership Property (the "Successor Receiver") pursuant paragraph 19 of the Receivership Order which allows for an appointment of a successor receiver by stipulated order, (b) the Successor Receiver shall have immediate right, power, authority, possession and control over all the Receivership Property, including, without limitation, all items set forth in paragraph 5 of the Receivership Order, and (c) the Successor Receiver shall be bound by the Receivership Order and all references in the Receivership Order to Receiver shall mean the Successor Receiver.

3. <u>Transition</u>.  The Original Receiver and Alliance shall each cooperate in good faith with the Successor Receiver, and its agents, representatives and employees, and use their respective best efforts to ensure an orderly transition of the operations, management and control of the Hotel from the Original Receiver and Alliance to the

Successor Receiver, including, but not limited to, providing books and records, responding to inquiries and providing all information and documentation that may be necessary or required to ensure such an orderly transition.

4. <u>Payment of Fees and Taxes</u>. Prior to or simultaneous with the date of entry of this Order, the Bank shall pay (a) the fees and expenses of the Receiver and the Receiver's counsel, (b) the sales and occupancy taxes relating to the operation of the Hotel, including penalties and interest, and (c) certain obligations to Alliance, including the payroll for the pay period ended October 24, which is payable on October 28, all (with respect to 4(a)-(c)) as identified on Exhibit 1 to the Stipulation of the parties filed concurrently with this Order which are true and accurate to the best of the Receiver's information and belief.

5. <u>Indemnification</u>. For a period of two (2) years from and after the date of entry of this Order, Bank shall indemnify and hold the Original Receiver and its officers, partners, employees, agents, attorneys and representatives harmless from and against any and all claims or actions made, alleged, asserted or brought against them in any way arising from, in connection with or relating to the Receivership Order, the Receivership Property or the Hotel, which were incurred or accrued from February 26, 2009 through the date of entry of this Order only, including any personal and/or real property taxes relating to the Receivership Property and the trade payables identified on Exhibit 2 to the Stipulation which are true and accurate to the best of the Receiver's information and belief.

6. <u>Non-Disparagement</u>.  Neither the Original Receiver, the Bank nor the Successor Receiver, nor their respective officers, members, partners, employees, agents,

3

attorneys and representatives, shall make, communicate and/or disseminate any disparaging remarks about any one or more of the others, whether orally, in writing, by e-mail, text, fax or otherwise.

  7. <u>Bond</u>. Promptly after the date of entry of this Order, the Original Receiver shall file a final accounting for the period from February 26, 2009 through the date of entry of this Order. Upon the filing of such final accounting, the bond of the Original Receiver shall be cancelled. Promptly after the date of entry of this Order, the Successor Receiver shall post a surety bond in this case in an amount not less than $100,000 and file a notice of obtaining same with the Court. The cost of the bond for the Successor Receiver is an expense of the Receivership.

     <u>s/Robert H. Cleland in the absence of Judge Victoria Robert</u>s
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated: November 5, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 5, 2009 by electronic and/or ordinary mail.

     <u>s/Lisa Wagner     </u>
     Case Manager and Deputy Clerk
     (313) 234-5522

S:\Cleland\JUDGE'S DESK\Lisa's Folder\order naming successor receiver.wpd