UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| URBAN PARTNERSHIP BANK, | Case No. 09-10646 |
| Plaintiff, | Victoria A. Roberts |
| vs. | United States District Judge |
| ST. REGIS DETROIT PARTNERS, L.L.C., *et al.*, | Michael Hluchaniuk United States Magistrate Judge |
| Defendants, | |
| vs. | |
| MICHIGAN UNEMPLOYMENT INSURANCE AGENCY, | |
| Intervenor Defendant. | |

# REPORT AND RECOMMENDATION
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 78)

This matter is before the Court on the plaintiff ShoreBank's motion for summary judgment on count I of its verified complaint. (Dkt. 78). This case has been referred to the undersigned for all pretrial proceedings. (Dkt. 82). Defendants filed a response to the motion. (Dkt. 83). The response is premised on defendants' claim that ShoreBank was not the real party in interest.

On October 19, 2010, this Court entered the stipulated order for substitution of plaintiff (Dkt. 95), by which Urban Partnership Bank was substituted into this matter as plaintiff, and is the real party in interest. Defendants' objections are now

moot. A hearing on this matter was held on November 3, 2010, pursuant to notice. (Dkt. 94). The undersigned has reviewed the pleadings, and is otherwise fully advised in the premises. The undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED** and that plaintiff be **AWARDED** the following relief:

1. Judgment in favor of plaintiff Urban Partnership Bank and against defendant Herbert J. Strather Trust u/a/d March 17, 1986 as amended and restated, jointly and severally with defendant Herbert J. Strather, individually, as set forth in paragraph 2 below, in the amount of Four Million and 00/100 Dollars ($4,000,000.00) with applicable interest to accrue from and after the date of this judgment pursuant to 28 U.S.C. § 1961, and plaintiff will have full rights of execution.

2. Judgment in favor of plaintiff Urban Partnership Bank and against defendant Herbert J. Strather, individually, jointly and severally with defendant Herbert J. Strather Trust u/a/d March 17, 1986 as amended and restated, as set forth in paragraph 1 above, in the amount of Four Million and 00/100 Dollars ($4,000,000.00) with applicable interest to accrue from and after the date of this judgment pursuant to 28 U.S.C. § 1961, and plaintiff will have full rights of execution.

3. Judgment in favor of plaintiff Urban Partnership Bank and against

2

Report and Recommendation
Plaintiff's Motion for Summary Judgment
*Urban Part. Bank v. St. Regis Det. Part*; Case No. 09-10646

defendant Wilco Associates, L.L.C., jointly and severally with defendant Shirley Wilson-Johnson, individually, as set forth in paragraph 4 below, in the amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) with applicable interest to accrue from and after the date of this judgment pursuant to 28 U.S.C. § 1961, and plaintiff will have full rights of execution. Defendant Wilco Associates, LLC is given credit in the amount of $100,000.00 for payment made as of August 4, 2010, leaving a balance due pursuant to this Judgment of $200,000 with applicable interest to accrue.

4. Judgment in favor of plaintiff Urban Partnership Bank and against defendant Shirley Wilson-Johnson, individually, jointly and severally with defendant Wilco Associates, L.L.C. as set forth in paragraph 3 above, in the amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) with applicable interest to accrue from and after the date of this judgment pursuant to 28 U.S.C. § 1961, and plaintiff will have full rights of execution. Defendant Shirley Wilson-Johnson is given credit in the amount of $100,000.00 for payment made as of August 4, 2010, leaving a balance pursuant to this Judgment of $200,000 with applicable interest to accrue.

6. The Receiver will remain in place, and the terms of the Consent Order Appointing Receiver will remain in full force and effect, unless modified by this Court.

7. If the Court enters an Order granting the recommended relief, such order will not resolve all issues in this case and the case would remain open.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

                                                            s/Michael Hluchaniuk
Date: November 3, 2010               Michael Hluchaniuk
                                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 3, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: C. David Bargamian, Deanne L. Bonner, Earle I. Erman, David H. Freedman, Leo J. Gibson, Juandisha M. Harris, Thomas C. Johnson, William C. Rousch, Julie B. Teicher, and Douglas C. Bernstein, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): AlixPartners, LLP, 2000 Town Center, 24th Floor, Southfield, MI 48075.

                                                                         s/Tammy Hallwood
                                                                         Case Manager
                                                                         (810) 341-7887
                                                                         tammy_hallwood@mied.uscourts.gov